[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15884
Non-Argument Calendar

_____

D. C. Docket No. 05-00138-CV-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Counter-
Defendant-Appellee,

versus

JOHN G. BAHRS, individually, and as missionary for
The Spring of Living Water Mission, and as Trustee
for In God We Trust,
DEBORAH Z. BAHRS, individually, and as trustee for
In God We Trust Family Trust,

Defendants-Counter-
Claimants-Appellants,

ALACHUA COUNTY TAX COLLECTOR,

Defendant,

IN GOD WE TRUST FAMILY TRUST, et al.,

Defendants-Counter-
Claimants.

Appeal from the United States District Court
for the Northern District of Florida
_____

**(July 12, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

John G. Bahrs and Deborah L. Bahrs appeal from a summary judgment entered on behalf of the United States in its effort to hold the Bahrs' accountable for their personal tax liability for years 1995 and 1996.  The complaint, filed pursuant to 28 U.S.C. §§ 7402-7403, seeks to reduce the Bahrs' unpaid tax liability for those years to a judgment and foreclose on real property after liens were assessed as a result of the unpaid taxes.  The government presented evidence that the Bahrs set up two different trusts and a corporate entity in an attempt to avoid income taxes and that they conveyed certain real property to the corporate entity after a tax evasion investigation was begun by the Internal Revenue Service.  The district court ultimately determined that the trusts and the corporate entity were shams, set aside the conveyance of the property, and ordered the property sold.

We review *de novo* a district court's grant of summary judgment.  *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001).  After reviewing the

record and reading the parties' briefs, we agree with the district court that the Bahrs failed to come forward with evidence sufficient to raise a genuine issue of material fact as to: (1) whether they have an unpaid tax liability for the years 1995 and 1996; (2) whether a valid tax assessment was performed by the government; and (3) whether the government's assessment was performed within the applicable three-year statute of limitations. As stated by the district court in its summary judgment, the Bahrs did not "overcome the presumption of correctness to which a tax assessment is entitled."

The Bahrs also contend that the district court should not have granted the United States' motion for summary judgment before considering their motions to compel requested documents that they considered vital to their opposition to the government's lawsuit. We review the district court's discovery rulings, including its decision respecting a Fed. R. Civ. P. 56(f) discovery request, for an abuse of discretion. *Wright v. AmSouth Bank Corp.*, 320 F.3d 1198, 1205 (11th Cir. 2003). We find no abuse of discretion on the part of the district court in denying the motion to compel as moot, because it is clear that the documents the Bahrs requested were not essential to their case, and would not have helped them rebut the government's motion for summary judgment.

Finding no error, we affirm.

3

**AFFIRMED.**